Michael Kind, Esq.
Nevada Bar No.: 13903
KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com
*Attorneys for Plaintiff Cindy Rohrbach*
*Individually and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Cindy Rohrbach, *individually and on behalf of all others similarly situated*,<br><br>               Plaintiff,<br><br>v.<br><br>Trueaccord Corp.,<br><br>               Defendant. | Case No:<br><br>**Class Action**<br><br>**Complaint For Damages Under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.***<br><br>**Jury Trial Demanded** |

### Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Cindy Rohrbach ("Plaintiff"), through her attorneys, brings this action to challenge the actions of Trueaccord Corp. ("Defendant"), with regard to debt collection attempts by Defendant designed to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to Plaintiff, which Plaintiff alleges on her personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

**Jurisdiction and Venue**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

10. Because Defendant does business within the State of Nevada, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because all the events described herein took place in Nevada.

12. At all times relevant, Defendant conducted business within the State of Nevada.

## Parties

13. Plaintiff is a natural person who resides in Clark County, Nevada.

14. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is corporation and collection agency, registered with the Nevada Secretary of State and doing business in the State of Nevada.

16. Defendant is a "person" who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

17. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through said discovery.

18. Sometime before October 2018, Plaintiff's identity was fraudulently used by an unknown identity theft criminal to take out numerous loans with online payday lenders, including Bright Lending, and Inbox Loans.

19. These alleged obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. Whether a debt is actually owed by Plaintiff is irrelevant to this FDCPA action.

21. The alleged debt was thereafter assigned, placed, or otherwise transferred, to Defendant for collection.

22. In or around October 2018, Defendant began sending emails to Plaintiff to collect debt.

23. Plaintiff immediately informed Defendant that she was a victim of identity theft, did not authorize the loan, and that she therefore disputed the debt.

24. On October 31, 2018, Defendant responded to Plaintiff by email, in relevant part:

> Thank you for letting us know you may have been a victim of identity theft.
>
> Collection efforts will be paused for the next 21 days so you can provide us the necessary documentation. Once we receive the documentation, as discussed, we will return your account to the creditor for review. If we don't receive documentation within 21 days, collection efforts will resume.

25. The email also gave some tips on how to deal with identify theft and concluded with the notice: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

26. Plaintiff disputed the debt several times and received at least four email responses from Defendant with substantially the same language: "If we don't receive documentation within 21 days, collection efforts will resume."

27. At one point, Defendant acknowledged that the debt was the result of identity theft and agreed to "cease" its collection efforts but nevertheless continued to send emails to Plaintiff to attempt to collect the debt.

28. 15 U.S.C. § 1692g(a) states: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial

communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debtor a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. 15 U.S.C. § 1692g(b) states: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection

activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

30. Defendant never sent such notices to Plaintiff and, on the contrary, specifically misrepresented Plaintiff's rights under § 1692g, in violation of 15 U.S.C. § 1692g.

31. Upon information and belief, Defendant misrepresented Plaintiff's FDCPA rights in order to give Plaintiff a sense urgency that a proper notice would not otherwise have given, so that Plaintiff would feel compelled to pay the falsely alleged debt.

32. This language overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a) because it attempted to limit the rights available to Plaintiff in a manner that would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g.

33. The purpose in making this false threat was to attempt to coerce Plaintiff into immediately paying the debt that Plaintiff was disputing rather than wait the thirty days the FDCPA provides for, and rather than wait for the required verification of the debt that the FDCPA mandates under these circumstances.

34. By misrepresenting that Plaintiff had the obligation to provide documentation of the disputed debt, and not the other way around, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

35. Defendant' misrepresentations were meant to cause, and did cause, Plaintiff to suffer mental anguish and confusion concerning the validity of the debt and to coerce Plaintiff to pay this debt that was not owed.

**Class Action Allegations**

36. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class"), consisting of:

    All people within the United States who received any email from Defendant, in response to the person's dispute, where the email states "if we don't receive documentation within 21 days, collection efforts will resume," or substantially similar language, within one year prior to the filing of this Complaint.

37. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38. This suit seeks only statutory damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

39. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members.

41. Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

42. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

43. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## Causes of Action

### Count I

**Fair Debt Collection Practices Act (FDCPA)**

**15 U.S.C. §§ 1692 et seq.**

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

47. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

48. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Prayer for Relief

49. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief the Court may deem just and proper.

## Trial by Jury

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 22nd day of February 2019.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
6069 S Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*